**UNITED STATES of America,**
**Appellee,**

v.

**Bounthavy SITHITHONGTHAM,**
**Appellant.**

**No. 00–2280.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 6, 2001.

Filed April 12, 2001.

658

Before HANSEN, MORRIS
SHEPPARD ARNOLD, and BYE, Circuit
Judges.

PER CURIAM.

In December 1998, Bounthavy Sithi-
thongtham was sentenced to serve 63
months in federal prison, concurrently
with a then-undischarged state sentence.
Mr. Sithithongtham later brought this mo-
tion to clarify the amount of credit he
should receive toward his federal sentence,
based on the time he spent in state custo-
dy prior to his arrival at a federal prison.
The district court[1] entered an order refus-
ing to address the Bureau of Prisons's
(BOP's) calculation, and Mr. Sithithongt-
ham appeals. After careful review of the
record and the parties' briefs, we affirm.

We view the clarification motion as an
attempt by Mr. Sithithongtham to seek
habeas corpus relief under 28 U.S.C.
§ 2241. As such, he filed the motion in
the wrong district court and also failed to
demonstrate exhaustion of administrative
remedies. Accordingly, we affirm the dis-
trict court, but we modify its order to

1. The Honorable John R. Tunheim, United
   States District Judge for the District of Minne-

reflect a dismissal without prejudice so
that Mr. Sithithongtham may file a section
2241 petition in the proper court after
exhausting his administrative remedies
with the BOP. See 28 U.S.C. § 2106 (ap-
pellate court may modify order of court
under review); United States v. Chappel,
208 F.3d 1069, 1069–70 (8th Cir.2000) (per
curiam) (affirming district court's denial
without prejudice of "Motion to Clarify the
Judgment Order" in which movant sought
district court order addressing his right to
pretrial credit against federal sentence;
noting that after exhausting his adminis-
trative remedies with BOP, inmate would
have opportunity to file § 2241 petition in
either district where he is confined, in
Washington, D.C., or in any district in
which BOP maintains regional office).

Accordingly, we affirm.